IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD BINGHAM,

    Plaintiff,

v.                                                           Case No. 21-cv-0392 RB-KK

RICHARD TAYLOR

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Edward Bingham's Prisoner Petition for Punitive Damages ("Complaint"). (Doc. 1.) Also before the Court is Defendant's Motion to Dismiss for Insufficiency of Service ("Motion"). (Doc. 2.) Bingham is incarcerated and *pro se*. He alleges Chavez County Detention Center officials interfered with his legal mail. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the Motion, dismiss the Complaint, and grant leave to amend.

**I.    Background**

    Bingham is a pretrial detainee at the Chavez County Detention Center (CCDC). (Doc. 1 at 4.) He alleges he is representing himself as the *pro se* defendant in two state criminal cases, D-504-CR-2018-452 (*Bingham I*) and D-504-CR-2018-543 (*Bingham II*). (*Id.*) The state docket confirms Bingham has obtained permission to appear *pro se* in *Bingham II*. *See New Mexico v. Bingham*, D-504-CR-2018-543, Order Gr. Def. Mot. to Represent Pro Se (N.M. 5th Jud. Dist. Aug. 28, 2020). Standby criminal defense has been appointed. *Id*. The state docket further reflects that *Bingham I* was dismissed without prejudice after the prosecutor entered a Nolle Prosequi. *See New Mexico v. Bingham*, D-504-CR-2018-452, Nolle Prosequi (N.M. 5th Jud. Dist. July 1, 2021).

    In 2020 or 2021, CCDC officials allegedly seized Bingham's incoming and outgoing mail

without a hearing. (Doc. 1 at 5.) The seized mail contained pleadings and other legal documents. (*Id.* at 5–6.) Bingham contends such documents are necessary to effectively litigate. (*Id.* at 5.) As a result of the mail seizures, for example, he was allegedly unable to file certain documents and was forced to postpone hearings and "other legal processes." (*Id.* at 6.)

Bingham's Complaint raises claims under the Due Process Clause of the U.S. Constitution. (*Id.* at 5.) He names one Defendant: District Four County Commissioner Richard Taylor. (*Id.* at 4). According to Bingham, Taylor is "in charge of [CCDC]" and "is supervisor to Daniel Ornelas, Pete Hernandez, [and] Joy Burke, who[] are employed at" CCDC. (*Id.*). The Complaint seeks "monetary (punitive) compensation in an amount to be later determined." (*Id.* at 8). Bingham originally filed the Complaint in New Mexico's Fifth Judicial District Court. The State Court entered an order waiving the filing fee and granting "free service of process by the Sheriff in Chavez County." (*Id.* at 16–17.) Defendant removed the Complaint to this Court and moved to dismiss based on insufficient service. (Doc. 2.) The Court will address the Motion before turning to the Complaint.

## II.   The Court Declines to Dismiss Based on Service Defects

As an initial matter, Defendant filed a Motion to dismiss this action after Bingham failed to properly effectuate service. (*Id.*) Assuming service was defective, the Court finds such defect is curable. Bingham may file an *in forma pauperis* motion; if granted, such relief prompts the Court to effectuate service pursuant to Federal Rule of Civil Procedure 4(c)(3). The Court will therefore deny the Motion, "quash the service[,] and [provide] an opportunity to re-serve the defendant" if the case survives *sua sponte* review. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969) and counseling against dismissal, unless "it appears unlikely that proper service can or will be

2

instituted"). Defendant may renew his motion at a later time if Bingham fails to take necessary steps to assist with service of any amended complaint that survives review.

### III.     The Complaint Fails to State a Cognizable Claim

####       A.     Standards Governing *Sua Sponte* Review

Where, as here, a prisoner civil rights action is removed from state court, the Court screens the claims under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for *sua sponte* review of inmate complaints against government officials, even if they are removed from state court). Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Bingham is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

####       B.     The Complaint Does Not Demonstrate Defendant Interfered with Legal Mail

Bingham's constitutional claim must be analyzed under 42 U.S.C. § 1983, the "remedial

vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

The only Defendant here (Richard Taylor) is a County Commissioner. The Complaint does not allege he was personally involved with the confiscation of legal mail. It alleges Taylor "supervises staff who[] . . . engaged in unconstitutional conduct . . . ." (Doc. 1 at 5.) Section 1983 does not allow claims against supervisors under a theory of respondeat superior liability. *See Cox v. Glanz*, 800 F.3d 1231, 1248 n.9 (10th Cir. 2015). A § 1983 plaintiff can only impose "liability upon a defendant-supervisor who creates, promulgates, or implements a policy which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution." *Id.* at 1248 (quotations omitted). There are no facts indicating CCDC officials withheld mail pursuant to Taylor's policy. The Complaint therefore fails to state a claim against Taylor. To the extent Bingham intended to name the list of individuals Taylor supervises (Ornelas, Hernandez, and Burke), the Complaint also fails to show they were personally involved in the alleged wrongdoing.

Alternatively, even if the Complaint demonstrated personal involvement by any Defendant, the alleged facts are too conclusory to state a claim. The crux of the Complaint is that CCDC

4

officials seized Bingham's incoming and outgoing legal mail. Courts have identified several potential sources of constitutional protection for an inmate's legal mail. The mishandling of legal mail primarily implicates an inmate's right to access courts. A pretrial detainee has a "constitutional right to adequate, effective, and meaningful access to the courts." *Friedman v. Kennard*, 248 F. App'x 918, 921 (10th Cir. 2007) (citing *Love v. Summit Cnty.*, 776 F.2d 908, 912 (10th Cir. 1985)). "[U]nimpeded transmission of inmate legal mail is the 'most obvious and formal manifestation" of this right. *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). "To present a viable claim for denial of access to the courts, ... an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Complaint must demonstrate that the mail seizures "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–53. "Conclusory allegations of injury in this respect will not suffice." *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006).

Bingham's allegations are too general to meet this standard. He does not specify what documents are missing; why he believes mail officials seized them; or whether he received any notice or explanation regarding the seizure. Plaintiff attempts to satisfy the actual injury requirement by stating that he "has been forced to consistently postpone hearings and other legal processes due to an inability to litigate" and that some seized items were directed at restoring unspecified constitutional guarantees (Doc. 1 at 6). These facts "insufficiently allege actual injury because they do not identify the relevance of the work [*i.e.*, any pleading] to any particular nonfrivolous claim." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019). Said differently, the Court cannot discern "the nature or objectives of [Bingham's] trial preparations, or specifically

how the loss of his legal property scuttled those preparations." *Id.* The Complaint therefore fails to state a claim for denial of access of courts.

The non-delivery of legal mail can also violate the "right to receive mail per se." *Wardell*, 470 F.3d at 959 (analyzing such claim along with right to access courts). Courts generally apply a four-factor test to determine whether the restriction on legal mail is reasonably related to legitimate penological interests. *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (establishing the test). The factors are:

> (1) whether a rational connection exists between the prison policy [or] regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *Turner*, 482 U.S. at 89–91).

A full "analysis of the *Turner* factors is unnecessary at the pleading stage." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 n.2 (10th Cir. 2012). However, "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Khan v. Barela*, 808 F. App'x 602, 607 (10th Cir. Mar. 26, 2020) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010)). Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts. For example, . . . a [First Amendment] claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply." *Gee*, 627 F.3d at 1185.

As noted above, the Complaint gives no details about why Bingham's legal mail was seized or whether CCDC officials provided an explanation. It is also unclear how many documents are missing, which impacts the analysis of the claim. For example, the Tenth Circuit has held that

where prison officials opened one piece of constitutionally protected mail, "[s]uch an isolated incident, without any evidence of improper motive . . . , does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001). Accordingly, the Complaint fails state a claim based on the right to receive mail per se.

The third constitutional protection for a prisoner's legal mail is the Sixth Amendment right to counsel. The Sixth Amendment "protects the attorney-client relationship from intrusion . . . ." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). This constitutional protection is not relevant here, as Bingham is proceeding *pro se* in the state criminal case and has not alleged an inability to communicate with stand-by counsel.[1]

For these reasons, the Complaint fails to state a cognizable constitutional claim. The Court will dismiss the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will permit Bingham to amend his complaint within 30 days of entry of this Order. If Bingham declines to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss this action with prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss for Insufficiency of Service (**Doc. 2**) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Petition for Punitive Damages (**Doc. 1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C.

---

[1] Bingham also includes a one-line allegation that the mail seizure issues constitute false imprisonment. (Doc. 1 at 6.) This lacks facial plausibility because there are no other facts supporting a false imprisonment claim.

§ 1915A; and Bingham may file an amended complaint within 30 days of entry of this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE