IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD BINGHAM,

    Plaintiff,

v.                                                  Case No. 21-cv-0392 RB-KK

RICHARD TAYLOR

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court following Plaintiff Edward Bingham's failure to file an amended complaint as directed. He is incarcerated and proceeding *pro se.* The Original Complaint (Doc. 1-1) seeks damages based on interference with legal mail at the Chavez County Detention Center (CCDC). (Doc. 1 at 4.) According to Plaintiff, CCDC officials allegedly seized his incoming and outgoing mail without a hearing. (*Id.* at 5.) The seized mail contained pleadings and other legal documents. (*Id.* at 5–6.) Plaintiff contends such documents are necessary to effectively litigate. (*Id.* at 5.) As a result of the mail seizures, for example, he was allegedly unable to file certain documents and was forced to postpone hearings and "other legal processes." (*Id.* at 6.) The Original Complaint raises constitutional claims against one Defendant: District Four County Commission Richard Taylor. (*Id.* at 4.)

        By a ruling entered February 15, 2022, the Court screened the Original Complaint and determined it failed to state a cognizable claim. (*See* Doc. 5 (Screening Ruling).) *See also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials). The alleged facts do not show Defendant was personally involved with the confiscation of legal mail. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998) (to succeed on a constitutional claim, the plaintiff must allege that each government official, through the official's own individual

actions, has personally violated the constitution). Alternatively, the Screening Ruling observed the alleged facts are too conclusory to state a constitutional claim. As to the right to access courts, the facts "insufficiently allege actual injury because they do not identify the relevance of the work [*i.e.*, any pleading] to any particular nonfrivolous claim." *See Carr v. Zwally*, 760 Fed. App'x 550, 556 (10th Cir. 2019). The Original Complaint also failed to state a claim based on the right to receive mail *per se*, as the facts gave no details about why Plaintiff's legal mail was seized or whether CCDC officials provided an explanation. *See Khan v. Barela*, 2020 WL 1488762, at *3 (10th Cir. Mar. 26, 2020) (at the pleading stage, "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains [(mail seizure)] were not reasonably related to legitimate penological interests"). Finally, the Screening Ruling concluded there was no viable Sixth Amendment claim based on the seizure of legal mail; Plaintiff is proceeding *pro se* in his underlying state criminal case and has not alleged an inability to communicate with stand-by counsel. The Court therefore dismissed the Original Complaint for failure to state a cognizable claim based on mail interference.

        Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to amend his claims within 30 days of entry of the Screening Ruling. The ruling set forth the pleading standards for each type of potential claim based on mail interference. Plaintiff was warned that the failure to timely amend may result in the dismissal of this entire case with prejudice. The deadline to comply was March 17, 2022. Plaintiff did not amend his complaint, seek an extension, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this entire action, including Plaintiff's Petition for Punitive Damages (Doc. 1), with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that this action, including Plaintiff Edward Bingham's Petition for Punitive Damages filed March 17, 2021 (Doc. 1), is **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE